# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **JANE DOE,** | |
| Plaintiff | Case No. |
| v. | |
| **SHERIFF GARRY MCFADDEN,** et al. | Hon. |
| Defendants. | |

## BRIEF IN SUPPORT OF PLAINTIFF'S DOE MOTION FOR A PROTECTIVE ORDER AND TO KEEP THE NAME OF JANE DOE PLAINTIFF UNDER SEAL

This matter concerns a deep violation of the named plaintiff's religious beliefs, an issue of the utmost intimacy. Her faith and her privacy were disregarded. As such, the named Plaintiff seeks to proceed anonymously as 'Jane Doe.' This action entails deep violations of her privacy, including a strip search of her person in front of male officers and detainees, and a photograph of the named plaintiff without her religiously mandated hijab, which has been uploaded to the Mecklenburg County Sheriff's Office ("MCSO") database. The photo is also widely available to the public on the MCSO website through the 'Inmate Inquiry' feature.[1] The retention of the illegal image on MCSO's database and its publicly accessibility has compromised Doe's privacy and sincere religious beliefs.

---

[1] https://mecksheriffweb.mecklenburgcountync.gov/Inmate

Plaintiff fears that if her name or identity were connected with this lawsuit, her privacy would be further compromised. She is concerned that her name on the public record would draw more attention than necessary to the hijab-less photograph, which is accessible to the public through the MSCO website or a simple FOIA request. This added attention would compound the original harm and aggravate the violation of her sincerely held religious beliefs. Furthermore, she fears that the nature of the strip search allegations would bring harm and shame to her person and family due to cultural and religious principles. The risk of harm to Doe is substantial, posing a risk to her mental well-being and reputation throughout her community. On the other hand, Defendants' interest in publicizing Jane Doe's true name is *de minimis*. Defendants will still have full access to Doe's name and information.

The Plaintiff is entitled to a protective order to prohibit Defendants and court personnel from divulging her identity and requiring them to file documents identifying her under seal.

**Factual Background**

Jane Doe is a Muslim woman and a resident of Charlotte, North Carolina. Veri. Compl. ¶22. Doe has been a Muslim her entire life. *Id*. She wears the hijab, a headscarf worn by Muslim women that covers their hair and neck. *Id*. ¶23. She has worn the hijab since 2022, when she was 21, and has accordingly made changes to her lifestyle in line with the standards of modesty prescribed by her religious beliefs. *Id*. ¶24. Relevantly, she is currently in the process of updating her North Carolina driver's license and US passport to utilize a new picture with her hijab. *Id*.

Doe's faith requires her to always wear a hijab when she is in mixed-gender spaces outside of her immediate family. *Id*. ¶25. The practice of wearing a hijab includes not only the headscarf but also modest clothing that covers her full body. *Id*. Doe's religious beliefs are deeply rooted in Islamic texts and teachings. *Id*. Her hijab is a pillar of her religious practice and integral to her identity as a Muslim woman. *Id* .She does not willingly appear in public unless she is modestly clothed and wearing the hijab. *Id*. ¶25-26. Appearing without modest clothing in line with her religious beliefs in public is a serious breach of her faith. As is appearing in public without a hijab or being photographed without a hijab and having that photo available to the public. *Id*. ¶26. It is a deeply humiliating and defiling experience akin to being seen naked, and is in direct conflict with her sincerely held religious beliefs. *See Khatib v. Cnty. of Orange*, 639 F.3d 898, 907 (9th Cir. 2011) (Gould, J., concurring) ("A Muslim woman who must appear before strange men she doesn't know, with her hair and neck uncovered in a violation of her religious beliefs, may feel shame and distress."). *See Also* Veri. Compl. at ¶25-26, 47.

In February 2024, Doe protested outside of a City Council meeting. That protest led Charlotte Mecklenburg Police Department to issue a warrant for Doe on February 27, 2024 for violating a noise ordinance and for impeding traffic. *Id*. ¶27. The next day, on February 28, Doe voluntarily turned herself in at the Mecklenburg County Detention Center Central. *Id*. ¶28. Doe arrived at MCDCC wearing her hijab, as she

always did in public. *Id.* ¶29. Upon arrival at MCDCC, two officers checked in Doe and asked her faith, to which she replied that she is Muslim. *Id.* ¶30-31.

After getting checked in, one officer escorted Doe to an open area for photos and fingerprinting. *Id.* ¶33-34. Between the holding cells and other officers in the open area, at least thirty men could all see Doe in the open area. *Id.* Defendant Officer A searched Doe in full view of these men. *Id.* ¶37. In the course of her search, Defendant Officer A lifted Doe's shirt, revealing her abdomen to the room, and patted Doe's breasts. *Id.* ¶37-38. Doe felt violated and humiliated for being exposed in front of a group of strange men. *Id.* ¶38-43. Defendant Officer A then told Doe she had to remove her hijab to search Doe's hair and take her booking photo. *Id.* ¶38-47. Doe strongly protested. *Id.* She begged Defendant Officer A to allow her to keep her hijab on in accordance with her religious beliefs. *Id.* Defendant Officer A refused. *Id.* Despite Doe's insistence on keeping her hijab on for around two minutes, Defendant Officer A continued to refuse. *Id.* Doe finally relented and Defendant Officer a removed her hijab in full view of over thirty men. *Id.* Doe felt naked and embarrassed at being seen without her hijab. *Id.*

After Defendant Officer A removed Doe's hijab, Defendant Officer B informed Doe that he would take her photo. *Id.* ¶49. Despite Doe's previous protests—which Defendant Officer B heard—Defendant Officer B photographed Doe without her hijab. *Id.* ¶49-51. This photo of Doe without her hijab was uploaded to the

Mecklenburg County Sheriff's Office website where it is still accessible to the public. *Id.* ¶53.

The officers escorted Doe back to the open area without her hijab, where they took her fingerprints and completed other tests while she remained without her hijab. The officers then kept Doe there for seven hours in full view of at least thirty men, causing her further distress and humiliation. *Id.* ¶55-59. The officers even forced Doe to appear before a magistrate judge without her hijab, where she could be seen by the judge and others. *Id.* ¶57. While she was being released, Doe asked an Officer for her hijab back. The officer handed her a plastic bag with her personal items including her hijab but told Doe that she could not open the bag until she crossed over from the area where the cells were to the main lobby of the facility. *Id.* ¶60-62. This, again, unnecessarily exposed Doe in front of several strangers including men. *Id.* When Doe finally entered the lobby, she immediately put on her hijab. *Id.* After hours of humiliation without her hijab, Doe was finally able to continue practicing her faith. *Id.*

## **Standard of Review**

Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties." However, district courts may allow parties to proceed anonymously because "privacy or confidentiality concerns are sometimes sufficiently critical" that pseudonymous litigation should be allowed to proceed. *James v. Jacobson*, 6 F.3d 223, 238 (4th Cir. 1993). The Fourth Circuit allows parties to preserve their anonymity when "compelling concerns relating to personal privacy or

confidentiality" exist that "may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym." *Doe v. Public Citizen*, 749 F.3d 246, 273 (4th Cir. 2014).  In balancing privacy and the presumption of openness in judicial proceedings, the Court must consider the Fourth Circuit's "nonexclusive" factors:

(1) "[W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature";

(2) the requesting party's or innocent nonparties' vulnerability to "retaliatory physical or mental harm";

(3) the protected persons' ages;

(4) "whether the action is against a governmental or private party"; and

(5) any risk of unfairness to the opposing party.

*James*, 6 F.3d at 238; *see also Doe v. Doe*, 85 F.4th 206, 211 (4th Cir. 2023). As explained below, the factors heavily favor the Doe plaintiff's right to proceed anonymously.

### Argument

The Plaintiff's need for anonymity outweighs the general rule of openness in judicial proceedings, as it revolves around the highly personal and sensitive nature of her religious and cultural traditions.

## I. Absent Anonymity, the Jane Doe Would Be Compelled to Disclose Information of the Utmost Intimacy to Her Severe Detriment.

Federal courts have held that religion is one of the most private and sensitive matters. *See Doe v. Pittsylvania County, Va.*, 844 F. Supp. 2d 724, 728 (W.D. Va. 2012).

*See also Engel v. Vitale*, 370 U.S. 421 (1962) ("[R]eligion is too personal, too sacred, too holy, to permit its 'unhallowed perversion' by a civil magistrate."). In determining whether to allow a plaintiff to proceed anonymously in an action involving a Muslim woman's sexual assault, the Eleventh Circuit determined that the "social stigma" in the plaintiff's religious community associated with such cases was enough to warrant proceeding anonymously. *Doe v. Neverson,* 820 Fed. Appx 984, 988 (11th Cir. 2020).

**A. The Details Available in the Verified Complaint Concerning Doe's Strip Search is a Matter of the Utmost Intimacy and Would Cause Her Substantial Harm if Revealed.**

Doe is alleging a strip search, conducted by officers at MCDCC in an open room, where Doe was viewable by all passersby. As in *Neverson*, this is not merely an issue of "personal embarrassment." *Id.* Doe is a 24-year-old devoted Muslim woman. The hijab less picture alone has already caused her a great deal of suffering. If those in her community were to discover the details of what occurred – that she underwent a strip search where men could view her body and that she was uncovered in mixed-gender spaces for such a prolonged period – it would bring great shame to her and her family.

Doe's religion obliges her to cover her body and her hair. Any situation that forces her to violate that obligation would be viewed negatively by her community and, as a result, become a painful and shameful experience for Doe. It would create a significant stigma that would forever be attached to her and her family's name. Using her real name would disclose a deeply personal matter to her severe detriment. Such a discovery and the resulting fallout are highly likely to occur once this matter becomes

7

public record. Cases concerning hijab removal and improper strip searches have brought a great deal of media coverage in recent years.[2] Furthermore, as a matter of public interest, it is relevant to acknowledge that future victims would be discouraged from coming forward after witnessing Doe's harassment.

**B. Doe's Hijab less Image is a Matter of the Utmost Intimacy and Retaining it on MSCO's Database Will Continue to Cause and Exacerbate Doe's Severe Harm.**

The Plaintiff here is also reasonably concerned that the publication of her name will increase the circulation of her photograph without a hijab, exacerbating the original injuries. With her name and the context of these allegations, it would be easy for media and other individuals to request her booking photograph through a simple search on the MSCO website, or a FOIA request. The photo captures a moment of deep humiliation and shame for Doe. Having more members of the public see the photograph—in direct violation of her religious beliefs—would compound and create great social and mental harm to the Plaintiff. Indeed, to Jane Doe, it would be akin to being seen naked by the public without her consent.

Once again, this is not a matter of mere "personal embarrassment" but a deeply religious matter, with the extra prospect of humiliation among her community, effectively continuing the harm Defendants have already caused her. It would deter other women from similar traditions from coming forward. Release of her name could

---

[2] CITE TO NEWS ARTICLES

also result in harassment towards Plaintiff within her community, as the photograph could easily be used against her. To avert this, her name should be protected under seal.

**II.     Defendant will not be disadvantaged by the Plaintiff maintaining anonymity.**

Defendants bear no risk of unfairness if Doe is allowed to proceed anonymously. Doe does not seek to withhold her identity from Defendants, only from public record and the glare of the media. On the Court's issuance of the protective order sought by this motion, Plaintiff will provide Defendants with her full name and unredacted versions of the declaration in support of this motion and the verified complaint. d

### Conclusion

Plaintiff faces extreme risk of social stigma and perpetuation of existing harms caused by Defendant. A parallel case with closely analogous facts has already drawn considerable local and national media attention.

WHEREFORE, for the reasons discussed above, Plaintiff respectfully moves this Honorable Court GRANT her Motion for a Protective Order and to Keep the Name of Jane Doe Plaintiff Under Seal.

Respectfully submitted,

/s/Ismaail Qaiyim
Ismaail Qaiyim, Esq. (56744.)
 Queen City Community Law Firm

9

4938 Central Ave.
Charlotte, NC 28205
(980)281-2798
www.qcclawfirm.com

*Co-Counsel for Plaintiff*

/s/Lena F. Masri
Lena F. Masri (VA 93291)*
lfmasri@cair.com
Gadeir Abbas (81161)*
gabbas@cair.com
Nadia Bayado (DC 90023648) *
nbayado@cair.com
**CAIR NATIONAL LEGAL
DEFENSE FUND**
453 New Jersey Ave SE
Washington, DC 20003
(202) 742-6420

*Co-Counsel for Plaintiff*

*Pro Hac Vice applications pending

**Dated:** September 27, 2024