IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-00879-KDB-DCK

| | |
|---|---|
| JANE DOE,<br><br>**Plaintiff,**<br><br>v.<br><br>GARRY MCFADDEN, SHERIFF OF MECKLENBURG COUNTY NORTH CAROLINA; OFFICER A AND OFFICER B,<br><br>**Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on its own motion. In this action, Plaintiff alleges that Defendant Garry McFadden, the Sheriff of Mecklenburg County, North Carolina and two unnamed Officers of the Mecklenburg County Detention Center Central violated statutory and constitutional religious and free speech guarantees when Plaintiff was arrested in February 2024. Specifically, she was required to remove her hijab (which she wears in furtherance of her sincerely held religious beliefs) while in custody and take a booking photograph without her hijab after her arrest. Also, she complains that the booking photograph has been uploaded to a statewide database that is accessible to all law enforcement agencies in North Carolina as well as members of the public who search her name on the internet.

However, before the Court can address the serious constitutional questions presented by Plaintiff's Complaint, a summons must be issued and served in accordance with the Federal Rules of Civil Procedure to permit this Court to exercise personal jurisdiction over a defendant. *Omni Capital Int'l v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987). When process or service of process

1

is deficient, dismissal is proper under Rule 12(b)(2) for lack of personal jurisdiction. *See, e.g., Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984); *Mylan Labs., Inc. v. Akzo, N.V.,* 2 F.3d 56, 59-60 (4th Cir. 1993).

Despite the Court's formal and informal attempts to determine if Plaintiff has met her burden of establishing proper service, Plaintiff has failed to provide the Court evidence of proper service. This action was filed on September 27, 2024, together with a Motion for a Preliminary Injunction. *See* Doc. Nos. 1, 3. On October 21, 2024, a Summons was issued as to Sheriff McFadden and on October 25, 2024, the Court entered a Text Order directing Plaintiff "to file a return of service / notice of completed service when the Complaint, Summons and copies of pending motions have been served." In response, Plaintiff filed on November 13, 2024, a "Certificate of Service" signed by "Malak Dridi" (whose connection to this matter was undescribed) indicating only that "a copy of the foregoing document" (without identifying any document) was "mailed/delivered" (without further specificity or explanation) to Sheriff McFadden.

Plaintiff's counsel was then notified by the Court that the Certificate of Service was insufficient. Then, on November 21, 2024, Plaintiff filed an "Affidavit of Service" in which Mr. Dridi (apparently an employee of Plaintiff's counsel) asserts that he served the Summons and Complaint on Sheriff McFadden by Certified Mail. The Affidavit does not mention service of the pending motions as directed by the Court. Further, no delivery receipt proving service accompanied the affidavit. The Court then again communicated to Plaintiff's counsel that the filing was insufficient. There has been no further response from Plaintiff. Nor has there been any response to Plaintiff's Complaint by Sheriff McFadden, which causes the Court to question whether actual notice / service, much less proper service under the rules, has been accomplished.

2

Case 3:24-cv-00879-KDB-DCK    Document 11    Filed 12/04/24    Page 2 of 4

A federal plaintiff may serve process on a defendant sued in his or her individual capacity by delivering a summons and complaint to the individual personally, by leaving a summons and complaint at the individual's house or other place of abode with someone of suitable age and discretion who resides there, by serving the individual's authorized agent, or by serving the individual in compliance with the law of the state where the federal court is located. *See* Fed. R. Civ. P. 4(e). North Carolina law authorizes service on a natural person by personal delivery, leaving copies at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, delivery to an agent authorized by appointment or by law to be served or to accept service of process or by registered, certified or signature confirmed mail or a designated delivery service. *See* N.C. R. Civ. P. 4(j)(1). Similarly, a "political subdivision of the State, any county or city board of education, or other local public district, unit, or body of any kind" may be served (i) by personally delivering a copy of the summons and of the complaint to an officer or director thereof, (ii) by personally delivering a copy of the summons and of the complaint to an agent or attorney-in-fact authorized by appointment or by statute to be served or to accept service in its behalf, (iii) by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director, agent, or attorney-in-fact as specified in (i) and (ii), or (iv) by depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, agent, or attorney-in-fact as specified in (i) and (ii), delivering to the addressee, and obtaining a delivery receipt. *See* N.C. R. Civ. P. 4(j)(5)(c).

Plaintiff has not established that her attempts at service fall within any of the circumstances of service authorized under either federal or North Carolina law. Given the important questions raised by Plaintiff, the Court has made numerous attempts to inform Plaintiff of the requirements

3

of service that must be met before the case can proceed on the merits, but to no avail. Accordingly, the Court has no choice but to dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Complaint is **DISMISSED** without prejudice for lack of proper service/ personal jurisdiction; and

2. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: December 3, 2024

Kenneth D. Bell
United States District Judge