IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-00879-KDB-DCK

| | |
|---|---|
| JANE DOE,<br><br>**Plaintiff,**<br><br>v.<br><br>GARRY MCFADDEN, SHERIFF OF MECKLENBURG COUNTY; OFFICER A; AND OFFICER B,<br><br>**Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Rule 60(b) Motion to Vacate Dismissal and Reinstate Civil Case (Doc. No. 13). On December 4, 2024, the Court entered an Order dismissing this action because, despite numerous efforts by the Court to inform and direct Plaintiff with respect to her attempts to serve process, Plaintiff had failed to properly serve the Defendants and document effective service with the Court. (Doc. No. 11). Plaintiff now asks the Court to vacate that dismissal and reinstate the case based on her arguments that 1) service has been properly made on Defendant McFadden[1] and 2) even if service has not been made, on the date of the dismissal time remained under the federal rules for her to complete service.

First, the Court disagrees with Plaintiff that proper service has been made on Defendant McFadden in his official capacity as the Sheriff of Mecklenburg County, North Carolina. The record establishes that Plaintiff, through the United States Postal Service, mailed a package addressed to Sheriff McFadden (containing the Summons and Complaint) to a county office

---

[1] While acknowledging that proof of service had not yet been properly made, Plaintiff also argued that the lack of proof of service does not invalidate the service itself.

1

building (700 East 4th Street) in which numerous county offices and agencies (not just the Sheriff's office) are located and that the package was delivered to "Front Desk/Reception/Mail Room." This patently uncertain service is insufficient service as a matter of law. *See* N.C. R. Civ. P. 4(j)(5)(c) (requiring that process be, among other things, "deliver[ed] to the addressee").

However, the Court agrees with Plaintiff that the applicable rules allow a plaintiff to complete service upon the defendant "within 90 days of filing the complaint." Fed. R. Civ. P. Rule 4(m). Here, Plaintiff filed the complaint on September 27, 2024. (Doc. No. 1). So, at the time of the dismissal, Plaintiff had until December 26, 2024 to complete service. Accordingly, the Court will grant Plaintiff's Rule 60(b) Motion and will vacate its earlier dismissal, reinstating Plaintiff's case to permit her to complete service on or before January 4, 2025, (90 days following the Complaint plus additional time to account for the premature dismissal). In the event that proper service is not completed on or before that date, this action will again be dismissed without prejudice.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Rule 60(b) Motion to Vacate Dismissal and Reinstate Civil Case (Doc. No. 13) is **GRANTED;**
2. The earlier dismissal of this action is vacated; and
3. Plaintiff shall have until January 4, 2025, to complete service of the Summons, Complaint and all pending motions in this action.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: December 13, 2024

Kenneth D. Bell
United States District Judge